**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL L. RAMIREZ,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>　　　　Defendant - Appellee. | No. 08-17591<br><br>D.C. No. 2:07-cv-01787<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted March 12, 2010[**]
San Francisco, California

Before: HALL, NOONAN, and CALLAHAN, Circuit Judges.

　　Ramirez filed an application for disability insurance benefits based on

Irritable Bowel Syndrome ("IBS") and depression, and an Administrative Law

Judge ("ALJ") held that Ramirez was not disabled for purposes of the Social

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act. The Appeals Council denied review. Ramirez sought review in the United States District Court for the District of Arizona, which affirmed. The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we also affirm.

The ALJ determined that Ramirez had the residual functional capacity ("RFC") to perform a significant range of light work, including working as a cashier or janitor. The ALJ stated that the Vocational Expert testified that there were 5,000 cashier jobs in Arizona and 230,000 nationwide and that there were 1,000 janitor jobs in Arizona and 20,000 nationwide. The Vocational Expert provided these number based on a hypothetical individual of Ramirez's age, education, and work experience who needed five or fewer bathroom breaks a day.

The ALJ's conclusions were supported by substantial evidence. The ALJ fulfilled its duties to make a "function-by function" analysis of Ramirez's RFC as required by 20 C.F.R. § 404.1545 and Social Security Ruling 96-8p. The ALJ considered all of Ramirez's physical, mental, and other limitations before concluding that Ramirez retained the capacity for a significant range of light work. He considered at length whether IBS-related impairments, including the frequency and severity of Ramirez's symptoms, would permit Ramirez to work a full-time job.

2

Although the ALJ did not explicitly state the number of bathroom breaks Ramirez would need to take over the course of a work day, our review of the record indicates that the ALJ's conclusions were based upon a finding that Ramirez required five or fewer bathroom breaks a day. The ALJ also credited Ramirez's wife's testimony, which indicated that Ramirez needed to use the bathroom up to five times a day.

Although Ramirez and his treating physician, Dr. Asin, stated that Ramirez needed to use the bathroom up to fifteen times a day, the ALJ provided clear and convincing reasons for discrediting these statements. Accordingly, he did not need to factor this higher frequency of bathroom breaks into his RFC analysis. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for the medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary.").

It may be true that the frequency of an individual's IBS-related symptoms sometimes can be demonstrated only by that individual's subjective complaints. However, Ramirez's statements regarding the severity of his symptoms are inconsistent with Dr. Asin's treatment notes and Ramirez's wife's testimony. Dr. Asin's notes indicate that three Percocet a day controlled Ramirez's pain and stopped loose stools, and that Morphine, Paxil and Lorcet, were also effective.

3

When Ramirez followed a gluten-free diet, his diarrhea decreased to twice per day. Dr. Asin's notes report that by September 2004, Ramirez's symptoms had improved overall and by November 2004 were "stable." Since late 2004, he has had very little treatment.

Moreover, in addition to testifying that Ramirez needed to use the bathroom up to five times a day, Ramirez's wife testified that he was able to care for his stepchild, drive, prepare meals, care of his personal needs, mow the lawn, shop for food, and perform household chores. *See Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005)(discrediting subjective complaints based upon claimant's "reasonably active lifestyle"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (same); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (same).

Because Dr. Asin's statement that Ramirez required up to fifteen bathroom breaks a day derived primarily from Ramirez's discredited subjective complaints, the ALJ also properly discredited Dr. Asin's statement.[1] *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) ("[A]n opinion of disability premised to a large

---

[1]We need not resolve whether the ALJ needed to provide "clear and convincing" or merely "specific and legitimate" reasons for rejecting Dr. Asin's statements about the frequency and severity of Ramirez's IBS symptoms, because the reasons set forth by the ALJ were clear and convincing. *See Bayliss*, 427 F.3d at 1216 (holding that discrepancies between physician's statements regarding severity of plaintiff's impairments and his clinical notes were clear and convincing reasons for rejecting statements).

extent upon the claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted."); *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

**AFFIRMED.**

5

FILED

APR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ramirez v. Astrue*, No. 08-17591

NOONAN, Circuit Judge, dissenting:

The key issue was the number of bathroom breaks Ramirez needed.  The ALJ accepted the wife's estimate; not Ramirez's.  Given the reluctance a husband might have to make a report to his wife on his trips to the toilet, the ALJ's source was dubious.  In the absence of other evidence, we are compelled to accept Ramirez's testimony of 15 trips per day making the VE's job estimate untenable.